[Cite as *Weese v. Dalton*, 2026-Ohio-796.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM WEESE,<br><br>    Plaintiff - Appellant<br><br>-vs-<br><br>CHARLES W. DALTON III, et al.,<br><br>    Defendants - Appellees | Case No. 25 CA 000012<br><br><u>Opinion & Judgment Entry Granting</u><br><u>Christina Dalton's 2/23/26</u><br><u>Application for Reconsideration</u><br><br>Appeal from the Court of Common Pleas<br>of Guernsey County,<br>Case No. 21CV000242<br><br>Judgment: Reconsideration of 2/13/26<br>Opinion and Judgment Granted,<br>And Trial Court's 5/1/25 Judgment<br>Affirmed<br><br>Date of Judgment:  March 9, 2026 |

BEFORE: William B. Hoffman; Andrew J. King; David M. Gormley, Judges

APPEARANCES: Brian W. Benbow, Zanesville, Ohio, for Plaintiff-Appellant William Weese; Ryan A. McCarthy (Legal Aid of Southeast and Central Ohio), New Philadelphia, Ohio, for Defendant-Appellee Christina Dalton.

*Gormley, J.*

{¶1}    We held last month in this case that defendant Christina Dalton can invoke the R.C. 2329.66 homestead exemption in response to plaintiff William Weese's efforts to foreclose on real property in which Christina resides, but we concluded that a sale of Christina's home is nonetheless not barred because the amount of her exemption under that statute is less than the home's appraised value.

{¶2}    Christina, in accordance with Appellate Rule 26(A), has now asked us to reconsider that decision.  After reflecting on her application as well as Weese's response,

we now acknowledge that we erred in our analysis of the interplay between Christina's statutory homestead exemption and Weese's lien on her property.

{¶3} As we explained in last month's decision — *Weese v. Dalton*, 2026-Ohio-537 (5th Dist.) — Weese obtained a Coshocton County judgment of nearly $88,000 plus interest against Charles Dalton in March 2018. Several months later, Weese filed his certificate of judgment in Guernsey County, where Charles owned an undivided one-half interest in the real property at issue in this foreclosure case.

{¶4} Charles Dalton died in 2020, and Charles's undivided half interest in the property then passed, under R.C. 2105.06(B), to his widow Christina. She is now the sole owner of the property, and she continues to reside there.

{¶5} When Weese filed in the trial court a foreclosure complaint to collect his judgment against Charles, Christina argued that the statutory homestead exemption in R.C. 2329.66 bars Weese from forcing a sale of her home while she resides there. The trial court agreed with Christina, and Weese appealed.

{¶6} Analyzing the protection afforded to Christina by the statutory homestead exemption in last month's opinion, we noted that the appraised value of the property is $189,000, the amount of the judgment owed to Weese is $87,994.66 plus interest, and the amount of Christina's homestead exemption under R.C. 2329.66(A)(1)(b) is $182,625. We then explained that because Christina's "exempt interest in the property does not exceed the home's appraised value," Weese "is entitled to pursue his foreclosure claim in the trial court." *Weese v. Dalton*, 2026-Ohio-537, ¶ 38.

{¶7} That conclusion, we now see, was wrong. Though, as we noted in last month's opinion, a person's interest in exempt property is, according to R.C.

2329.66(D)(2) — the homestead exemption statute — determined "as of the date of an appraisal" or on the date when a writ of execution is issued, we overlooked the fact that the amount of a creditor's lien on real property is, under R.C. 2329.02, determined at "the time" when that creditor's certificate of judgment "is filed" in the county clerk's office.

{¶8}   That means, of course, that though we rightly determined Christina's current homestead exemption amount to be $182,625, we mistakenly viewed Weese's lien as applying to the entire $189,000 value of Christina's property.  Because, when Weese filed his certificate of judgment in Guernsey County in 2018, Charles owned not the entire property but instead an undivided one-half interest in it, we now understand that Weese's lien attached at that point solely to Charles's half interest rather than to the entire property.

{¶9}   Our review of several court rulings now convinces us that Weese's lien applies to just half of the $189,000 Dalton property — Charles's former half — rather than the entire property now owed by Charles's widow Christina.  *See, e.g., Deutsche Bank Natl. Trust Co. v. Boswell*, 2011-Ohio-673, ¶ 31 (1st Dist.) ("Because Alter Boswell only owned a one-half interest in the property when Freeman recorded his certificate of judgment, his lien attached only to Alter Boswell's one-half interest in the property"); *Society Natl. Bank v. Repasky*, 2000-Ohio-2646 (7th Dist.) ("a judgment creditor's rights as to a lien on real estate do not rise to those of a bona fide purchaser[,] and the judgment lien is confined to that which actually belongs to the judgment debtor and is not extended to that which belongs to anyone other than the judgment debtor"); *Melville v. Small*, 1999 WL 1069766, *2 (3d Dist. Nov. 1, 1999) ("Tommy Joe contends that a judgment lien on co-owned lands is limited to that which actually belongs to the judgment debtor. . . .  [W]e agree"); *Natl. City Bank NW v. Ledgard*, 1995 WL 557317, *4 (6th Dist. Sept. 22, 1995)

("Since Charles and Nancy Stark held the property in question as tenants in common at the time the lien attached, Charles Stark never held more than an undivided one-half interest in the real property. Consequently, the lien attached only to his one-half interest and not the entire estate"); *Beneficial Mtge. Co. of Ohio v. Amodeo*, 1989 WL 86284, *2 (9th Dist. Aug. 2, 1989) ("a judgment creditor may only levy against property actually owned by the debtor at the time the judgment lien is filed"); *Miller v. Albright*, 60 Ohio St. 48, 51 (1899) ("it is a well-established rule that the lien of a judgment attaches only to such beneficial interest in land as the judgment debtor has at the time of its rendition").

{¶10} Given that the appraised value of the Dalton property is $189,000, we now realize that Weese's lien applies to no more than half of that amount, which is $94,500. Because Christina Dalton's statutory homestead exemption of $182,625 exceeds the amount of that lien, we now acknowledge that the trial court correctly found that Weese cannot proceed with his foreclosure efforts now.

{¶11} Those parts of our February 13, 2026 opinion that conflict with today's conclusion — the last sentence of ¶ 2, ¶ 37, ¶ 38, the first sentence of ¶ 48, and the first sentence of ¶ 52 of the opinion cited as *Weese v. Dalton*, 2026-Ohio-537 (5th Dist.) — are now vacated.

**{¶12}** For these reasons, we grant Christina Dalton's motion for reconsideration, and we affirm the trial court's May 1, 2025 judgment. Any additional costs must be paid by appellant William Weese.


By: Gormley, J.;

Hoffman, P.J. and

King, J. concur.